FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMON R.[1], <br><br>　　　　　　Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　　Defendant. | No. 2:18-CV-00291-MKD <br><br> **ORDER GRANTING STIPULATED MOTION FOR REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)** <br><br> **ECF Nos. 21, 30** |

Before the Court is the parties' Stipulated Motion for Remand, ECF No. 30, of the above-captioned matter to the Commissioner for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g). Attorney George Fields represents Plaintiff. Attorney Martha Boden represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 6. After consideration, **IT IS HEREBY ORDERED** that:

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

1. The parties' Stipulated Motion for Remand, **ECF No. 30**, is **GRANTED**.

2. The above-captioned case be **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the parties stipulate that:

> [T]he Appeals Council will first determine whether the record supports a finding of disability. If the case requires further development, the Appeals Council will remand the case to an Administrative Law Judge (ALJ) to reevaluate the medical evidence, including the evidence not exhibited at the hearing office, and to obtain appropriate medical expert evidence to provide a longitudinal overview and clarify the nature, severity and limiting effects of Plaintiff's medically determinable impairments throughout the period at issue and assist in determining the disability onset date. In light of the above findings, the ALJ will reassess Plaintiff's residual functional capacity and subjective symptoms, and reassess Plaintiff's ability to perform her past relevant work and/or other work in the economy, and in so doing, obtain vocational expert evidence. The [ALJ] will consider pertinent medical records in the subsequent application that are relevant to the period at issue.

ECF No. 30 at 1. The ALJ will issue a new decision.

3. Judgment shall be entered for **PLAINTIFF**.

4. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **STRICKEN AS MOOT**.

5. Upon proper presentation, this Court consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

///

///

The District Court Executive is directed to enter this Order, **enter Judgment**, forward copies to counsel, and **CLOSE THE FILE**.

DATED June 28, 2019.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 3